IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JERRY D. BODIFORD, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | 1 : 12-CV-109 (WLS) |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| : | |

**RECOMMENDATION**

Presently pending in this Social Security appeal is Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Doc. 11). Therein, Defendant contends that Plaintiff failed to file this action within the required time period after his presumptive receipt of the Commissioner's final decision denying relief.

A claimant has a period of sixty (60) days after receipt of the Appeals Council's final decision to file a civil action in United States District Court. *See* 42 U.S.C. § 405(g). Pursuant to 20 C.F.R. § 422.210(c), the notice of the Appeals Council's final decision is presumed to be received five (5) days after the date of the notice, unless there is a reasonable showing to the contrary.[1] The Commissioner's regulations provide for an extension to the sixty (60) day requirement upon a request to the Appeals Council and a showing of good cause. 20 C.F.R. § 422.210(c).

---

[1] Section 422.210(c) provides in pertinent part that, "the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."

On March 15, 2012, the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's ("ALJ") dismissal of his claim for disability insurance benefits. (Doc. 11-1, pp. 14-17).   This action by the Appeals Council rendered the ALJ's decision the final decision of the Commissioner giving rise to judicial review within sixty (60) days of receipt of the notice.   On May 15, 2012, the Appeals Council granted Plaintiff an additional thirty (30) days to file a civil action. (Docs. 11-1, Herbst Declaration, ¶ 3(b); 11-1, p. 19).   The thirty (30) days began to run on the date Plaintiff received the notice of the extension, which was presumed to be five (5) days after the date of the notice. (Doc. 11-1, p. 19).

As Defendant correctly asserts, Plaintiff had until June 19, 2012, thirty-five (35) days after the Appeals Council's decision to grant Plaintiff an extension of time, to file his Complaint appealing the Commissioner's decision in federal court.   Plaintiff's Complaint was not filed until July 25, 2012; although the Complaint appears to indicate it was signed on June 12, 2012. (Doc. 1).

"[T]he controlling date in determining whether Plaintiff has met the statute of limitations is the date [his] [C]omplaint was filed by the clerk of court." *Kersey v. Astrue*, 2007 WL 6600736, *3 (M.D. Fla. Sept. 14, 2007); s*ee also Wells v. Apfel*, 103 F.Supp.2d 893, 896 (W.D. Va. 2000) (finding a complaint was considered "filed" on the "date in which it was first received by the clerk's office").   The Complaint was filed on July 25, 2012, the date it was received by the clerk of court, not June 12, 2012, the date it may have been signed.   As Plaintiff did not file his Complaint until July 25, 2012, over a month after the time to file had expired, his Complaint was not timely filed.

Plaintiff has not filed a response to Defendant's Motion, nor provided any evidence to show

that his Complaint was timely filed or that there is a basis for equitable tolling in this case. Accordingly, it is the recommendation of the undersigned that the Commissioner's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 20th day of December, 2012.

                                        s/ ***THOMAS Q. LANGSTAFF***
                                        UNITED STATES MAGISTRATE JUDGE

llf